**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

TIMOTHY KAKEMBO,    :
           :   Civil Action No. 15-6556(RMB)
    Petitioner, :
           :
 v.         :     **OPINION**
           :
STATE OF NEW JERSEY, et al., :
           :
    Respondents. :

**BUMB,** District Judge.

This matter is before the Court upon Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1); Respondent's Limited Answer on Statute of Limitations; (ECF No. 13); Petitioner's Motion for Appointment of Pro Bono Counsel (ECF No. 14); and Respondent's response to Petitioner's motion (ECF No. 16). For the reasons discussed below, the Court will deny Petitioner's motion for appointment of pro bono counsel and dismiss the petition as barred by the statute of limitations.

I. BACKGROUND

On March 9, 2006, in Cape May County Superior Court, Petitioner was found guilty of first-degree aggravated sexual assault in violation of N.J.S.A. 2C:14-2(a)(1), and second-degree endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4(a). (ECF Nos. 13-1, Indictment; 13-2, Verdict Sheet.) Petitioner was sentenced on May 12, 2006 to an eleven-

year term of imprisonment on aggravated assault, with a six-year concurrent sentence for endangering the welfare of a child, subject to the No Early Release Act for 85% of the term. (ECF No. 13-3, Judgment of Conviction and Order of Commitment.)

Petitioner filed a direct appeal of his conviction and sentence, and the Appellate Division affirmed on July 26, 2010. (ECF No. 13-5, State v. Kakembo, No. A-6362-06T4, N.J. Super. Ct. App. Div. July 26, 2010.) Petitioner did not file a petition for certification to the Supreme Court of New Jersey. Therefore, his direct appeal became final on August 15, 2015, when the 20-day period of time to file a petition for certification expired. N.J. Court Rule 2:12-3; see Gonzalez v. Thaler, 132 S.Ct. 641, 654 (2012)(where petitioner did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.) Pursuant to 28 U.S.C. § 2244(d)(1)(A), the time for Petitioner to file an application for habeas corpus relief began to run on August 16, 2010.   Petitioner filed a state petition for post-conviction relief on January 18, 2011. (ECF No. 13-6, PCR Pet.) At this point, 155 days of the one-year habeas statute of limitations had run. The PCR petition tolled the statute of limitations with 210 days remaining. See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002)(filing PCR petition does not reset one-year statute of limitations period).

The PCR Court denied Petitioner's PCR petition on February 7, 2012, and Petitioner appealed. (ECF No. 13-8, State v. Kakembo, N.J. Super. Ct. Feb. 7, 2012; ECF No. 13-9, Notice of Appeal.) On March 28, 2014, the Appellate Division affirmed the denial of post-conviction relief. (ECF No. 13-12, State v. T.K., No. A-4853-11T2, N.J. Super. Ct App. Div.) Petitioner appealed to the New Jersey Supreme Court, which denied his petition for certification on September 22, 2014. (ECF Nos. 13-13, 13-14, State v. T.K., N.J. Sept. 22, 2014.) Thus, Petitioner's PCR proceedings became final on September 22, 2014. Lawrence v. Florida, 549 U.S. 327, 332 (2007). Petitioner's time remaining to file his federal habeas petition, 210 days, began to run again on September 23, 2014. The one-year period expired on April 21, 2015. Petitioner did not file his petition until August 31, 2015.

II.  MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Petitioner requested appointment of pro bono counsel because he cannot afford counsel and he feels incapable of responding to Respondent's limited answer or otherwise proceeding without counsel in this matter. (ECF No. 14.) A court must appoint counsel if an evidentiary hearing is necessary in a § 2254 proceeding. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The statute of limitations issue before the Court does not require an evidentiary hearing;

3

the issue can be determined on the record before the Court. Therefore, the Court considers Plaintiff's request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1).

When determining whether to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1), the Court must first make a threshold determination of whether the Petitioner's case has merit. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). In this case, there is nothing in the record to suggest that Petitioner has a basis for equitable tolling of the one-year habeas statute of limitations, which expired before he filed his habeas petition. The Court notes Petitioner's detailed habeas petition, filed pro se, belies his contention that he is not capable of responding to the fairly straightforward issue of whether there was some extraordinary circumstance that warranted equitable tolling of the statute of limitations. Because the habeas petition was filed after the statute of limitations expired, as discussed below, the Court determines that the habeas petition lacks merit, and the Court will deny Petitioner's motion for appointment of counsel.

III. STATUTE OF LIMITATIONS

There is a one-year statute of limitations for filing a habeas petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of the following:

4

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The statute of limitations period is tolled during the time in which a properly filed application for post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). This tolling provision does not reset the date from which the one-year limitations period begins to run. See Johnson, 314 F.3d at 161-62 (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d. Cir. 2000)).

28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner filed his habeas petition using the Court's form. Paragraph 18 of the form asks the petitioner to explain why the statute of limitations does not bar the petition, if filed more than a year after judgment of conviction became final. Petitioner wrote in "N/A." (Pet., ECF No. 1, ¶18.) This suggests Petitioner was unaware that the statute of limitations had expired when he filed the petition. Miscalculation of the one-year time period or erroneous advice of counsel does not provide grounds for equitable tolling of a habeas petition. Schlueter v. Varner, 384 F.3d 69, 76-79 (3d Cir. 2004). There appearing no basis for equitable tolling in the record, the Court will dismiss the habeas petition as time-barred.

IV.  CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny Petitioner's motion for appointment of pro bono counsel and dismiss the habeas petition with prejudice.

V.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C.

§ 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). For the reasons discussed above, Petitioner has not met this standard, and this Court will not issue a certificate of appealability.

s/RENÉE MARIE BUMB
RENÉE MARIE BUMB
United States District Judge

Dated September 8, 2016